UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SERGIO ORTIZ, | ) |
|                 Petitioner, | ) |
|        v. | )   No. 2:20-cv-00163-JRS-DLP |
| BRIAN SMITH, | ) |
|                 Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Sergio Ortiz, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging his prison disciplinary conviction in case number ISF 19-12-0147. For the reasons explained below, the petition is **DENIED**.

# I.
# LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On December 3, 2019, IDOC Correctional Officer Maslin wrote a Report of Conduct charging Mr. Ortiz with conspiracy to engage in an unauthorized financial transaction, a violation of IDOC Adult Disciplinary Code B-240. Dkt. 7-1. The Report of Conduct states:

> On 12/03/19 at approx. 8:22 AM Phone calls were reviewed by BY OII Maslin #399 that clearly indicates offender Sergio Ortiz #199568 was conspiring to engage in an unauthorized financial transaction during the call placed on 10/16/19 at 22:42PM at 14 N A phone #3@01:29 into the call Offender: I'm going to ask you to put more credit on this number, because I think I only have $3.00. Do you have the DOC? Callee: Yes Offender: 220725 Callee: ok, how much do you want me to put on there? F? Offender: yea, just the F
>
> *220725 is the IDOC number to offender Thomas Lundy*
>
> * the letter F is code talk for a specific amount of money to place on offender Lundy phone *

*Id.*

On December 13, 2019, Mr. Ortiz was notified of this charge when he received a copy of the Screening. Report. Dkt. 7-2. He pleaded not guilty and requested a lay advocate. *Id.* He did not ask to call any witnesses, but he did request the audio from the phone call. *Id.* Prison officials produced a transcript of the phone call, corroborating Officer Maslin's description of the phone call in the Report of Conduct. Dkt. 7-5.

On December 20, 2019, this matter proceeded to a disciplinary hearing. Dkt. 7-4. The Report of Disciplinary Hearing states that Mr. Ortiz declined to make a statement. *Id.* The hearing officer considered the staff reports, the statement of the offender, and evidence from witnesses, and found him guilty. *Id.* Mr. Ortiz received a suspended demotion in credit-earning class and the imposition of a suspended sentence from disciplinary case number ISF 19-12-0144. *Id.*

Mr. Ortiz appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 7-6, 7-7. In his appeal, Mr. Ortiz claimed that the Report of Conduct, which serves as a "charging instrument or affidavit" for prison disciplinary cases, was not sufficiently detailed because it failed to mention that the phone call was in Spanish and had to be translated to English and also failed to mention "how that translation took place to come to a conclusion of what was being said in this phone call." *Id.* at pp. 1-2. He also argued that the transcript of the phone call did not include the disciplinary case number, which was necessary to establish that the transcript "is related to this Report of Conduct ISF 19-12-0147." *Id.* at 3. These appeals were denied. Dkt. 7-6, 7-7.

## III.
## DISCUSSION

In his petition for a writ of habeas corpus, Mr. Ortiz raises the following issues: (1) the disciplinary hearing officer failed to consider the petitioner's written statement, which was read by his lay advocate; (2) the transcription of the phone call does not list the disciplinary case number; (3) the disciplinary hearing officer failed to articulate his reasons for finding him guilty; (4) the disciplinary hearing officer was biased and prejudged him before the hearing; (5) the Report of Conduct does not indicate that the phone call was in Spanish; and (6) the Report of Conduct does not explain Officer's Maslin's justification for believing that "F" is code for an amount of money. Dkt. 1, pp. 3-4.

### A. Exhaustion of Administrative Remedies

The respondent argues that Mr. Ortiz failed to exhaust his administrative remedies on several of the issues he raises in his petition. Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing Authority.

3

*See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Mr. Ortiz did not raise issues 1, 3, 4, or 6 in his administrative appeals, and he has not demonstrated good cause to excuse this failure. Accordingly, his request for relief on those issues is **DENIED**.

### B. Report of Conduct

Mr. Ortiz argues that the Report of Conduct was not sufficiently detailed because it fails to mention that the phone call was in Spanish and had to be translated to English. Liberally construed, this argument amounts to a claim of inadequate notice and a claim of insufficient evidence.

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). The Report of Conduct in this case informed Mr. Ortiz of the rule he allegedly violated and provided a summary of facts supporting the charge. Although the Report of Conduct does not indicate that the phone call was in Spanish and had to be translated for purposes of staff reports, Mr. Ortiz has not explained, and the Court does not see how he was prejudiced by this omission. Accordingly, his request for relief on this issue is **DENIED**.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.")

(citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat*, 288 F.3d at 981.

Mr. Ortiz's disciplinary conviction is supported by the Report of Conduct and the transcript of the phone call. His argument that these documents do not indicate that the phone call was translated from Spanish appears to suggest that the translations may have been faulty. This is essentially a request to reweigh the credibility of the officers who wrote these documents, which the Court may not do. *See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 F.3d at 941). Accordingly, his request for relief on this issue is **DENIED**.

### C. Transcript of Phone Call

Mr. Ortiz argues that "there is no cause number on the Transcribed phone call audio to show this Transcribed phone call audio is from this case number ISF 19-12-0147." Dkt. 1, p. 3. However, while the transcript does not include the disciplinary case number, it includes other information that establishes its connection to this case. The subject line of the document is "Ortiz call 10-16-19 at 2242 for CAB written on 12/3/19." Dkt. 7-5. These are the same times and dates listed in the Report of Conduct. The transcript also includes the statements from the phone call that are quoted in the Report of Conduct. Accordingly, his request for relief on this issue is **DENIED**.

### IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles the petitioner to the relief he seeks.

Accordingly, the petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED**.

    **SO ORDERED**.

Date:    11/20/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SERGIO ORTIZ
199568
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov